FILED

**NOT FOR PUBLICATION**

APR 17 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUKHWINDER SINGH, AKA Sukhwinder Multani,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-72011<br><br>Agency No. A088-517-600<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 11, 2014
San Francisco, California

Before: KLEINFELD, NGUYEN, and WATFORD, Circuit Judges.

Sukhwinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order of removal affirming the

Immigration Judge's ("IJ") denial of Singh's applications for asylum, withholding

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

of removal, and relief under the Convention Against Torture ("CAT").  We review the agency's adverse credibility finding for substantial evidence, applying the standards created by the REAL ID Act.  Shrestha v. Holder, 590 F.3d 1034, 1039–40 (9th Cir. 2010).  Where, as here, the BIA reviewed the IJ's decision for clear error, we "look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." Tekle v. Mukasey, 533 F.3d 1044, 1051 (9th Cir. 2008) (quotation marks and citation omitted).  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Substantial evidence supports the adverse credibility finding.  See 8 U.S.C. § 1252(b)(4)(B) ("[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.").  The IJ assessed the "totality of the circumstances" and provided "specific and cogent" reasons, which the BIA adopted.  See Shrestha, 590 F.3d at 1043–44.  Singh's testimony that he was born on May 8, 1980 is inconsistent with the age listed on his Indian driver's license, the age listed on his election card, the date of birth listed on his school examination certificate, and the date of birth Singh gave to the asylum officer who interviewed him.  In addition, Singh's testimony as to his place of birth is inconsistent with the translated birth certificate he provided, which says

2

that he was born in a different town. These are not trivial inconsistencies. See id. at 1044. Rather, they cast doubt upon Singh's identity. See Kalouma v. Gonzales, 512 F.3d 1073, 1079 (9th Cir. 2008) ("Part of [the applicant's] case . . . must be satisfactory proof of his refugee status in which identity operates as an element."). The IJ and BIA appropriately considered Singh's explanations for the inconsistencies, see Shrestha, 590 F.3d at 1044, and the explanations do not compel a contrary conclusion. See 8 U.S.C. § 1252(b)(4)(B). Because the inconsistencies discussed above are sufficient to support the adverse credibility finding, we need not consider whether the BIA erred in considering Singh's failure to provide his passport. See Wang v. INS, 352 F.3d 1250, 1259 (9th Cir. 2003).

Singh's asylum and withholding of removal claims fail in the absence of credible testimony. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003). The CAT claim also fails because it is based on the same testimony found not credible, and Singh did not identify any other evidence that shows it is more likely than not that he would be tortured if returned to India. See id. at 1156–57.

The petition is **DENIED.**

3