NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SUSANNA VARDANYAN,

Petitioner,

v.

JEFF B. SESSIONS, Attorney General,

Respondent.

No.    15-71022

Agency No. A075-679-422

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2017[**]

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Susanna Vardanyan, a native and citizen of Armenia, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying her motion to reopen

removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review

for abuse of discretion the denial of a motion to reopen.  *Avagyan v. Holder*, 646

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Vardanyan's
request for oral argument is denied.

F.3d 672, 678 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Vardanyan's motion to reopen as untimely, where it was filed more than 12 years after her final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and Vardanyan failed to establish the due diligence required for equitable tolling of the filing deadline, *see Avagyan*, 646 F.3d at 679 (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen due to deception, fraud, or error, as long as petitioner exercises due diligence in discovering such circumstances). Vardanyan's contention that the BIA ignored evidence is not supported by the record. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

Our jurisdiction to review the BIA's decision not to reopen proceedings sua sponte is limited to review for legal or constitutional error. *Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011); *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). Vardanyan's contention that the BIA did not sufficiently articulate its reasons for declining to reopen sua sponte is not supported by the record. *See Najmabadi*, 597 F.3d at 990. We may not overrule this court's precedent concerning jurisdiction to review the BIA's sua sponte determinations. *See*

*Avagyan*, 646 F.3d at 677 ("A three-judge panel cannot reconsider or overrule circuit precedent unless 'an intervening Supreme Court decision undermines an existing precedent of the Ninth Circuit, and both cases are closely on point.'" (citation omitted)).

Because the due diligence determination is dispositive, we do not reach Vardanyan's contentions regarding the merits of her ineffective assistance of counsel claim.

In light of our decision, we need not reach Vardanyan's request for fees and costs pursuant to the Equal Access to Justice Act.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**