**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FEB 22 2017

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUKHWINDER SINGH, AKA Sukhwinder Multani,<br><br>Petitioner,<br><br>v.<br><br>JEFF B. SESSIONS, Attorney General,<br><br>Respondent. | No.  14-73414<br><br>Agency No. A088-517-600<br><br>MEMORANDUM * |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2017**

Before:     GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Sukhwinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  We review for abuse of discretion the denial of a motion to

reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and we deny the

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

petition for review.

We do not consider Singh's challenges to the adverse credibility determination which the agency made in Singh's underlying proceedings, and which this court previously reviewed in *Singh v. Holder*, No. 10-72011, 570 Fed. Appx. 644, 2014 WL 1492729 (9th Cir. 2014).

The BIA did not abuse its discretion in denying Singh's motion to reopen where he filed it more than three years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to establish changed country conditions in India to qualify for the regulatory exception to the time limit for filing a motion to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (underlying adverse credibility determination rendered evidence of changed circumstances immaterial).

**PETITION FOR REVIEW DENIED.**

14-73414